*JUDGE CROTTY*

**11 CIV 6043**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

GEORDANY J. SALOMON and DONIELLE LEWIS,
on behalf of themselves, and all others similarly situated,
DWIGHT EDGHILL, and
SHANRAY POWELL, individually,

Case No.

COMPLAINT

Plaintiffs,

-against-

ADDERLEY INDUSTRIES, INC.,

Defendant.

-------------------------------------------------------------------X

Plaintiffs, GEORDANY J. SALOMON and DONIELLE LEWIS, on behalf themselves, and

on behalf of all others similarly situated, DWIGHT EDGHILL and SHANRAY POWELL,

individually, by and through their attorneys, SHULMAN KESSLER LLP, complaining of the

defendant, allege as follows:

## INTRODUCTION

1.    Plaintiffs bring this action seeking monetary damages and affirmative relief based

upon defendant's violation of the Fair Labor Standards Act of 1938 (hereinafter referred to as

"FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, the New York Labor Law (hereinafter referred to as

"N.Y. Lab. Law"), and other appropriate rules, regulations, statutes and ordinances.

## STATEMENT PURSUANT TO LOCAL RULE 9

2.    For purposes of complying with Local Rule 9, plaintiffs state that they have no

corporate parent, subsidiary or affiliate and that there are no other interested parties.

## JURISDICTION & VENUE

3.     Jurisdiction of the Court over this controversy is based upon 29 U.S.C. 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5.     At all times herein mentioned, defendant was a foreign corporation authorized to do business in the State of New York.

6.     At all times herein mentioned, defendant was a foreign corporation doing business in the State of New York.

7.     Defendant does business in Bronx County in the State of New York, within the Southern District of New York, maintaining a principal place of business at 830 Whitter Street, Bronx, New York.

8.     Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

9.     The plaintiff, GEORDANY J. SALOMON, is a resident of the County of Kings, State of New York.

10.     At all times relevant to the complaint, plaintiff, GEORDANY J. SALOMON, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

2

11.     The plaintiff, DONIELLE H. LEWIS, is a resident of the County of Bronx, State of New York.

12.     At all times relevant to the complaint, plaintiff, DONIELLE H. LEWIS, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

13.     The plaintiff, DWIGHT EDGHILL, is a resident of the County of Kings, State of New York.

14.     At all times relevant to the complaint, plaintiff, DWIGHT EDGHILL, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

15.     The plaintiff, SHANROY POWELL, is a resident of the County of Kings, State of New York.

16.     At all times relevant to the complaint, plaintiff, SHANROY POWELL, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

17.     That the plaintiff, GEORDANY J. SALOMON, was employed by the defendant from in or about December 2005 until in or about December 2010.

18.     That during the course of his employment with the defendant, the plaintiff, GEORDANY J. SALOMON, was a cable technician.

19.     That the plaintiff, DONIELLE H. LEWIS, was employed by the defendant from in or about June 2008 until in or about October 2010.

3

20.     That during the course of his employment with the defendant, the plaintiff, DONIELLE H. LEWIS, was a cable technician.

21.     That the plaintiff, DWIGHT EDGHILL, was employed by the defendant from in or about September 2007 until December 2010.

22.     That during the course of his employment with the defendant, the plaintiff, DWIGHT EDGHILL, was a cable technician.

23.     That the plaintiff, SHANROY POWELL, was employed by the defendant from in or about September 2004 until in or about 2007 and again from mid-2008 until in or about 2010.

24.     That during the course of his employment with the defendant, the plaintiff, SHANROY POWELL, was a cable technician, supervisor, and office manager.

25.     Upon information and belief, defendant, ADDERLEY INDUSTRIES, INC., was and still is a foreign corporation organized and existing pursuant to the laws of the State of New Jersey.

26.     Upon information and belief, defendant, ADDERLEY INDUSTRIES, INC.'s principal place of business was and still is at 830 Whitter Street, Bronx, N.Y.

27.     Upon information and belief, and at all times hereinafter mentioned, the defendant, ADDERLEY INDUSTRIES, INC., was and still is engaged in the cable installation and repair business.

28.     Upon information and belief, the defendant, ADDERLEY INDUSTRIES, INC., was and still is doing business as ADDERLEY INDUSTRIES, INC.

29.     At all times hereinafter mentioned, defendant, ADDERLEY INDUSTRIES, INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

4

30.     At all times hereinafter mentioned, defendant employed employees, including the plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

31.     At all times hereinafter mentioned, defendant's annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTS

32.     Plaintiff, GEORDANY J. SALOMON, was an employee of the defendant, working under its direct supervision.

33.     At all times hereinafter mentioned, plaintiff, GEORDANY J. SALOMON, was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

34.     Plaintiff, GEORDANY J. SALOMON, worked more than seventy (70) hours in most workweeks in which he was employed by the defendant.

35.     Defendant failed to compensate the plaintiff, GEORDANY J. SALOMON, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendant.

36.     Plaintiff, DONIELLE H. LEWIS, was an employee of the defendant, working under its direct supervision.

37.     At all times hereinafter mentioned, plaintiff, DONIELLE H. LEWIS, was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay

5

after he had worked forty (40) hours in a workweek.

38.     Plaintiff, DONIELLE H. LEWIS, worked more than seventy (70) hours in most workweeks in which he was employed by the defendant.

39.     Defendant failed to compensate the plaintiff, DONIELLE H. LEWIS, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendant.

40.     Plaintiff, DWIGHT EDGHILL, was an employee of the defendant, working under its direct supervision.

41.     At all times hereinafter mentioned, plaintiff, DWIGHT EDGHILL, was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

42.     Plaintiff, DWIGHT EDGHILL, worked more than seventy (70) hours in most workweeks in which he was employed by the defendant.

43.     Defendant failed to compensate the plaintiff, DWIGHT EDGHILL, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendant.

44.     Plaintiff, SHANROY POWELL, was an employee of the defendant, working under its direct supervision.

45.     At all times hereinafter mentioned, plaintiff, SHANROY POWELL, was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

46.     Plaintiff, SHANROY POWELL, worked more than seventy (70) hours in most workweeks in which he was employed by the defendant.

47.     Defendant failed to compensate the plaintiff, SHANROY POWELL, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendant.

48.     Defendant paid plaintiffs a fixed amount rate of pay per job completed.

49.     That defendant provided plaintiffs with a "work order" each morning when they reported to defendant's office, which contained various cable installation and/or repair jobs located throughout Bronx County.

50.     Defendant required plaintiffs to complete all items listed on their "work order" before they could return to defendant's office at the end of the workday.

51.     That defendant was aware when plaintiffs finished all of the assignments on their "work order" and then would typically assign plaintiffs additional "pick-up" jobs throughout Bronx County.

52.     Plaintiffs, despite the speed they finished the items contained on their "work order," were consistently working in excess of forty (40) hours per week due to excessive "work order" assignments and "pick-up" jobs.

53.     Plaintiffs were required to report to defendant's office at 7:30 a.m. each workday to obtain their "work order," be assigned to a truck, and pick-up necessary equipment.

54.     Plaintiffs obtained their "work order," work truck and equipment and left defendant's office between 8:30 a.m. and 9 a.m. each workday.

7

55.    Defendant failed to pay plaintiffs for time spent at the office in the morning while they awaited the distribution of "work order," work truck, and equipment.

56.    After plaintiffs completed their "work orders" and any "pick-up" jobs, plaintiffs were required to return to defendant's office, complete necessary paperwork, return their work truck, return any equipment, and give their "work order" to defendant for review and await for the office supervisor's final approval of paperwork prior to concluding their workday.

57.    Plaintiffs typically spent between a half (½) hour to one (1) hour at defendant's office completing necessary paperwork and returning their equipment at the conclusion of each workday.

58.    Plaintiffs typically left defendant's office between 7:30 p.m. and 11 p.m. at the conclusion of their workday.

59.    Defendant failed to pay plaintiffs for time spent at the office while they returned their work truck, returned equipment, and awaited approval of paperwork.

60.    Defendant made unlawful deductions from plaintiff GEORDANY J. SALOMON's wages for "back charges" due to tickets for driving violations, gas, usage of defendant's truck, vehicle damages, and penalties for violations of defendant's "internal policies."

61.    Defendant made unlawful deductions from plaintiff DONIELLE LEWIS's wages for "back charges" due to tickets for driving violations, gas, usage of defendant's truck, vehicle damages, and penalties for violations of defendant's "internal policies."

62.    Defendant made unlawful deductions from plaintiff DWIGHT EDGHILL's wages for "back charges" due to tickets for driving violations, gas, usage of defendant's truck, vehicle damages, and penalties for violations of defendant's "internal policies."

8

63.     The defendant made unlawful deductions from plaintiff SHANRAY POWELL's wages for "back charges" due to tickets for driving violations, gas, usage of defendant's truck, vehicle damages, and penalties for violations of defendant's "internal policies."

64.     Defendant willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time sheets and payroll records.

65.     Upon information and belief, in or about June 2009, the United States Department of Labor (hereinafter "USDOL") began to investigate the defendant's compliance with the FLSA.

66.     In or about September 2009, defendant became aware that plaintiff GEORDANY J. SALOMON participated in the USDOL's investigation of defendant.

67.     That in retaliation of plaintiff GEORDANY J. SALOMON's participation in the USDOL's investigation of defendant, defendant began to issue plaintiff GEORDANY J. SALOMON daily "work orders" that contained mainly low-paying assignments.

68.     That as a consequence of being subject to defendant's retaliation, from in or about September 2009 through December 2010, plaintiff GEORDANY J. SALOMON would complete his assigned "work order" as fast as possible and then request several "pick-up" jobs in order to maintain a similar amount of total weekly wages, which also resulted in additional hours worked per week for plaintiff.

69.     Upon information and belief, defendant's reason(s) for assigning plaintiff GEORDANY J. SALOMON a low-paying "work order" is a mere pretext to defendant's retaliatory actions against plaintiff as a result of his participation in the USDOL's investigation of defendant.

70.     That in retaliation of plaintiff GEORDANY J. SALOMON's participation in the USDOL's investigation of defendant, defendant began to increase the frequency and the amount of

9

wage deductions ("back charges") to plaintiff GEORDANY J. SALOMON.

71.    Upon information and belief, defendant's reason(s) for increasing the frequency and the amount of plaintiff GEORDANY J. SALOMON's wage deductions ("back charges") is a mere pretext to defendant's retaliatory actions against plaintiff as a result of his participation in the USDOL's investigation of defendant.

72.    That in retaliation of plaintiff GEORDANY J. SALOMON's participation in the USDOL's investigation of defendant, in or about October 2010 defendant suspended plaintiff GEORDANY J. SALOMON.

73.    That in further retaliation of plaintiff GEORDANY J. SALOMON's participation in the USDOL's investigation of defendant, in December 2010, defendant falsely accused plaintiff of forging a customer's signature work order and terminated plaintiff GEORDANY J. SALOMON.

74.    Upon information and belief, defendant's accusation that plaintiff GEORDANY J. SALOMON forged a customer's signature is a mere pretext to defendant's retaliatory actions against plaintiff as a result of his participation in the USDOL's investigation of defendant.

75.    Upon information and belief, defendant wrongfully terminated plaintiff GEORDANY J. SALOMON as a result of plaintiff's participation in the USDOL's investigation of defendant.

76.    In or about September 2009, defendant became aware that plaintiff DONIELLE LEWIS participated in the USDOL's investigation of defendant.

77.    That in retaliation of plaintiff DONIELLE LEWIS' participation in the USDOL's investigation of defendant, defendant began to assign plaintiff DONIELLE LEWIS a "work order" that contained mainly low-paying assignments.

78.     That as a consequence of being subject to defendant's retaliation, plaintiff DONIELLE LEWIS would complete his assigned "work order" as fast as possible and then request several "pick-up" jobs in order to maintain a similar amount of total weekly wages, which also resulted in additional hours worked per week for plaintiff.

79.     Upon information and belief, defendant's reason(s) for assigning plaintiff DONIELLE LEWIS a low-paying "work order" is a mere pretext to defendant's retaliatory actions against plaintiff as a result of his participation in the USDOL's investigation of defendant.

80.     In or about September 2009, defendant became aware that plaintiff DWIGHT EDGHILL participated in the USDOL's investigation of defendant.

81.     That in retaliation of plaintiff DWIGHT EDGHILL'S participation in the USDOL's investigation of defendant, defendant began to assign plaintiff a low-paying "work order."

82.     That as a consequence of being subject to defendant's retaliation, from in or about September 2009 through December 2010, plaintiff DWIGHT EDGHILL would work complete his "work order" as fast as possible and then request several "pick-up" jobs in order to maintain a similar amount of total weekly wages, which also resulted in additional hours worked per week.

83.     Upon information and belief, defendant's reason(s) for assigning plaintiff DWIGHT EDGHILL a low-paying "work order" is a mere pretext to defendant's retaliatory actions against plaintiff as a result of his participation in the USDOL's investigation of defendant.

84.     Upon information and belief, defendant wrongfully terminated plaintiff DWIGHT EDGHILL as a result of plaintiff's participation in the USDOL's investigation of defendant.

11

85.    Upon information and belief, defendant's reason(s) for terminating plaintiff DWIGHT EDGHILL is a mere pretext to defendant's retaliatory actions against plaintiff as a result of plaintiff's participation in the USDOL's investigation of defendant.

## COLLECTIVE ACTION CLAIMS

86.    Upon information and belief, there are approximately more than fifty (50) current and former employees that are similarly situated to the plaintiffs, who have been denied overtime compensation.    The plaintiffs GEORDANY J. SALOMON and DONEILLE LEWIS are representative of those other workers and are acting on behalf of the defendant's current and former employees' interests as well as their own interests in bringing this action.

87.    Plaintiffs GEORDANY J. SALOMON and DONEILLE LEWIS seek to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. 216(b) on behalf of themselves and the following class of persons:

> All persons who give their consent, in writing, to become party plaintiff and who are and have been employed as technicians by the defendant at any time during the three (3) years prior to the filing of their respective consent forms.

88.    Similarly situated former and current employees are readily identifiable and locatable through use of the defendant's records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the plaintiffs, who have been unlawfully deprived of overtime pay, in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the defendant.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ALLEGATIONS

89.     Plaintiffs GEORDANY J. SALOMON and DONEILLE LEWIS sue on their own

behalf and as the class representatives (hereinafter referred to as the "New York Class

Representatives") bring the Second Cause of Action on their own behalf and as a class action, on

behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23

Class (hereinafter "Rule 23") is defined as:

> All persons who are currently, or have been employed as cable
> technicians by the defendant, in the State of New York at any time
> from the six (6) years prior to the filing of this complaint to the entry
> of the judgment in the case (hereinafter referred to as the "Rule 23
> Class" or the "New York Class" and the "New York Class Period,"
> respectively.)

90.     The persons in the New York Class are so numerous that joinder of all members is

impracticable. Although, the precise number of such persons is unknown, and facts upon which the

calculation of that number are presently within the sole control of the defendant, there are

approximately more than fifty (50) members of the New York Class during the New York Class

Period.

91.     There are questions of law and fact common to this Rule 23 Class that predominate

over any questions solely affecting individual members of the New York Rule 23 Class, including

but not limited to:

a.     Whether the defendant unlawfully failed to pay overtime compensation in violation
of and within the meaning of the NYLL Article 6, §190 *et. seq.* and the supporting
New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142;

b.     Whether the New York Class Representatives and New York Rule 23 Class are non-
exempt from entitlement to overtime compensation for hours worked under the pay
requirement of the NYLL;

13

c.     Whether the defendant employed the New York Class Representatives and the New York Rule 23 Class within the meaning of the NYLL;

d.     Whether the defendant failed to keep accurate time records for all hours worked by the New York Class Representatives and the New York Rule 23 Class;

e.     The proper measure of damages sustained by the New York Class Representatives and the New York Rule 23 Class; and

f.     Whether the defendant should be enjoined from such violations in the future.

92.     The New York Class Representatives fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The named plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

93.     A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendant. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

94.     Further, the New York Class Representatives and the New York Rule 23 Class have been equally affected by the defendant's failure to pay overtime wages. Moreover, members of the Rule 23 New York Class still employed by the defendant may be reluctant to raise individual claims for fear of retaliation.

95.     Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

14

96.     The plaintiffs' claims are typical of those of the class.  Plaintiffs GEORDANY J.

SALOMON and DONEILLE LEWIS and the other class members were subjected to the defendant's

policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-

payment of overtime wages and the failure to keep adequate records.  The job duties of the named

plaintiffs are typical of those of the class members.

97.     The New York Class Representatives intend to send notice to all members of the New

York Rule 23 Class to the extent required by Rule 23.

## AS AND FOR A FIRST CAUSE OF ACTION ON
## BEHALF OF PLAINTIFFS, AND THE FLSA COLLECTIVE CLASS
## FOR FAILURE TO PAY OVERTIME
## AN FLSA VIOLATION

98.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1"

through "97" of the Complaint, with the same force and effect, as if fully alleged herein.

99.     Defendant employed plaintiffs for workweeks longer than forty (40) hours and

willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per

week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of

the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

100.    The complete records concerning the number of hours worked by the plaintiffs as well

as the compensation plaintiffs received in workweeks in which excess hours were worked are in the

exclusive possession and control of the defendant, and as such, the plaintiffs are unable to state at

this time the exact amount due and owing to them.

101.    The plaintiffs have expressed their consent to make these claims against the defendant

by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit "A," annexed hereto).

15

102.    As a consequence of the willful underpayment of wages, alleged above, the plaintiffs have incurred damages thereby and the defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS AS WELL AS THE NEW YORK CLASS FOR FAILURE TO PAY OVERTIME A NYLL VIOLATION

103.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "102" of the Complaint, with the same force and effect, as if fully alleged herein.

104.    Defendant employed plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of NYLL.

105.    The complete records concerning the number of hours worked by the plaintiffs as well as the compensation plaintiffs received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendant, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

106.    By the course of conduct set forth above, defendant has violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

107.    Defendant has a policy and practice of refusing to pay overtime compensation to the plaintiffs.

108.    Defendant's failure to pay overtime compensation to plaintiffs was willful within the meaning of N.Y. Lab. Law § 663.

16

109.    As a consequence of the willful underpayment of wages, alleged above, the plaintiffs have incurred damages thereby and the defendant is indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief from the defendant's unlawful and willful conduct as the Court deems just and proper.

110.    Plaintiffs seek recovery of liquidated damages, attorneys' fees, and costs to be paid by the defendant as provided by the NYLL.

### AS FOR THE THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS FOR UNLAWFUL WAGE DEDUCTION

111.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1" through "110" of the Complaint, with the same force and effect, as if fully alleged herein.

112.    Defendant knowingly, willfully, and intentionally violated NYLL Article 6, § 193 when defendant made deductions from the plaintiffs wages by removing a portion of plaintiffs' wage for "back charges" due to tickets for driving violations, gas, usage of defendant's truck, vehicle damages, and penalties for violation of internal policies thereby unlawfully reducing the wages of the plaintiffs.

113.    Due to defendant's violations of the NYLL, plaintiffs are entitled to recover from defendant their full wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

17

## AS AND FOR AN FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS GEORDANY J. SALOMON, DONIELLE LEWIS, AND DWIGHT EDGHILL FOR RETALIATION, A VIOLATION OF THE FLSA

114.     Plaintiffs GEORDANY J. SALOMON, DONIELLE LEWIS, and DWIGHT EDGHILL repeat and reallege each and every allegation contained in paragraphs "1"through "113" of the Complaint, with the same force and effect, as if fully alleged herein.

115.     By its conduct alleged above, including but not limited to, assigning plaintiffs to low-paying assignments, increased wage deductions, improper suspensions, and wrongful terminations, the defendant unlawfully retaliated against the plaintiffs GEORDANY J. SALOMON, DONIELLE LEWIS, and DWIGHT EDGHILL in violation of the FLSA, 29 U.S.C. § 215(a)(3).

116.     Any alleged reason for defendant's incidents of retaliation is nothing more than a pretext so that the defendant and its agents may attempt to mask its unlawful actions.

117.     That the plaintiffs GEORDANY J. SALOMON, DONIELLE LEWIS, and DWIGHT EDGHILL have been damaged in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS GEORDANY J. SALOMON, DONIELLE LEWIS AND DWIGHT EDGHILL FOR RETALIATION, A VIOLATION OF NYLL

118.    Plaintiffs GEORDANY J. SALOMON, DONIELLE LEWIS and DWIGHT EDGHILL repeat and reallege each and every allegation contained in paragraphs "1" through "117" of the Complaint, with the same force and effect, as if fully alleged herein.

119.    By their conduct alleged above, the defendant unlawfully retaliated against the plaintiffs GEORDANY J. SALOMON, DONIELLE LEWIS, and DWIGHT EDGHILL in violation of N.Y. Lab. Law § 215(2).

120.    Any alleged reason for defendant's incidents of retaliation is nothing more than a pretext so that the defendant and its agents may attempt to mask its unlawful actions.

121.    That the plaintiffs GEORDANY J. SALOMON, DONIELLE LEWIS, and DWIGHT EDGHILL have been damaged in an amount to be determined at trial.

19

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and the FLSA Collective Class, respectfully request that they be awarded the following relief, on the first cause of action:

    a.     Judgment against defendant for plaintiffs' unpaid back wages at the applicable overtime rate;

    b.     An equal amount to the overtime wage damages as liquidated damages;

    c.     Judgment against defendant that its violations of the FLSA were willful;

    d.     To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e.     All costs and attorneys' fees incurred prosecuting these claims; and

    f.     For such further relief as the Court deems just and equitable.

WHEREFORE, the New York Class Representatives, GEORDANY J. SALOMON and DONIELLE LEWIS, on their own behalf and on behalf of the New York Rule 23 Class, as well as, DWIGHT EDGHILL and SHANRAY POWELL, individually, pray for the following relief as follows, on the second cause of action:

    a.     Judgment against defendant for an amount equal to plaintiffs and the New York Rule 23 Class' unpaid back wages at the applicable overtime rate;

    b.     Liquidated damages at the applicable rate;

    c.     All costs and attorneys' fees incurred in prosecuting these claims; and

    d.     For further relief as this Court deems just and equitable.

WHEREFORE plaintiffs pray for the following relief, on the third cause of action:

a.      Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Article 6 § 190 *et seq.*;

b.      Appropriate monetary relief;

c.      Compensatory damages in an amount to be determined at trial;

d.      All costs and attorneys' fees incurred prosecuting these claims;

e.      For such further relief as the Court deems just and equitable.


WHEREFORE, plaintiffs GEORDANY J. SALOMON, DONIELLE LEWIS, and DWIGHT EDGHILL respectfully request that they be awarded the following relief, on the fourth cause of action:

a.      Appropriate monetary relief;

b.      Compensatory damages in an amount to be determined at trial;

c.      All costs and attorneys' fees incurred prosecuting these claims; and

d.      For such further relief as the Court deems just and equitable.

21

WHEREFORE, plaintiffs GEORDANY J. SALOMON, DONIELLE LEWIS, and DWIGHT

EDGHILL respectfully request that they be awarded the following relief, on the fifth cause of action:

    a.     Appropriate monetary relief;

    b.     Compensatory damages in an amount to be determined at trial;

    c.     All costs and attorneys' fees incurred prosecuting these claims; and

    d.     For such further relief as the Court deems just and equitable.

Dated: Melville, New York
       August 24, 2011

                                  Yours, etc.,

                                  SHULMAN KESSLER LLP

                                  By:    _____

                                      Troy L. Kessler, Esq.
                                      Marijana F. Matura, Esq.
                                  *Attorneys for Plaintiffs and the*
                                    *Collective and Putative Classes*
                                    510 Broadhollow Road, Suite 110
                                    Melville, New York 11747
                                    (631)499-9100
                                    tk@shulmankessler.com
                                    mm@shulmankessler.com

<u>**EXHIBIT "A"**</u>

## ADDERLEY INDUSTRIES, INC., ET AL.,
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Adderley Industries, Inc., et al., to assert claims against them for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

   I hereby designate Shulman Kessler LLP to represent me in the suit.

Geordany Soloman
Signature

Geordany Soloman
Print Name

1467 E 100 St   2 Floor
Address

Brooklyn NY 11236
City, State and Zip Code

## ADDERLEY INDUSTRIES, INC., ET AL.,
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Adderley Industries, Inc., et al., to assert claims against them for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

    I hereby designate Shulman Kessler LLP to represent me in the suit.

_Danielle Lewis_
Signature

_DONIELLE  LEWIS_
Print Name

_4466 MURDOCK AVE_
Address

_BRONX, N.Y 10466_
City, State and Zip Code

## ADDERLEY INDUSTRIES, INC., ET AL.,
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Adderley Industries, Inc., et al., to assert claims against them for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

I hereby designate Shulman Kessler LLP to represent me in the suit.

_____
Signature

_____
Print Name

869 Thomas Boyland St
Address

Brooklyn NY 11212
City, State and Zip Code

## ADDERLEY INDUSTRIES, INC., ET AL.,
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Adderley Industries, Inc., et al., to assert claims against them for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

I hereby designate Shulman Kessler LLP to represent me in the suit.

_____
Signature

Shanroy Powell
Print Name

1010 Eastern Parkway
Address

Brooklyn N.Y 11213 Apt 1C
City, State and Zip Code