UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GEORDANY J. SALOMON and DONIELLE LEWIS,
on behalf of themselves, and all others similarly situated,
DWIGHT EDGHILL, and                                  Case No.: 11 Civ. 6043 (PAC)
SHANRAY POWELL, individually,

                                                                                                            **DECLARATION IN**
                                                                  Plaintiffs,       **SUPPORT OF MOTION FOR**
                -against-                                                    **LEAVE TO AMEND**
                                                                                **COMPLAINT**
ADDERLEY INDUSTRIES, INC.,

                                                                Defendant.
-----------------------------------------------------------------------X

       Troy L. Kessler, an attorney duly admitted to practice law before the Courts of the State of New York and in this Court, declares the truth of the following, under penalties of perjury, pursuant to 28 U.S.C. § 1746:

       1.       I am a partner at the law firm of Shulman Kessler LLP.  Together with Fitapelli & Schaffer, LLP., we represent the Plaintiffs herein, and as such I am fully familiar with the facts and circumstances of this matter.

       2.       I submit this declaration in support of the instant application which seeks an order of this Court, as follows:

            (i)      Pursuant to Fed. R. of Civ. P. 16(b), extending the deadline by which Plaintiffs may file a motion to add parties;

            (ii)     Pursuant to Fed. R. of Civ. P. 15(a)(2), permitting Plaintiffs leave to file an amended complaint in the form attached hereto as Exhibit "1"; and

            (iii)    Pursuant to Fed. R. of Civ. P. 21, adding American Communications Industries, Inc., Lawrence Presser, Joseph Misseri and Vincent Cestaro as defendants in this matter.

**Factual and Procedural Background**

3. As described in the underlying Complaint, a copy of which is attached hereto as Exhibit "2", Plaintiffs on behalf of themselves and the putative class members allege that Adderley Industries, Inc. ("Adderley" or "Defendant") failed to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs also allege that Adderley deducted money from their earnings in the form of back-charges in violation of NYLL § 193.

4. On January 12, 2012, an initial conference was conducted by the Court and a Civil Case Management Plan and Scheduling Order ("Scheduling Order") was issued, a copy of which is hereto as Exhibit "3". The Scheduling Order provided, *inter alia* that any motion to amend shall be filed by February 12, 2012. *See* Ex. 3 (Scheduling Order) ¶ 3.

5. On January 27, 2012, Defendant provided its Rule 26(a) Disclosures, which identified Lawrence Presser, Mike Lau, and Andrea Smith as having discoverable information relating to "plaintiffs' work with Adderley, the payment received for the work, various work related incidents and plaintiffs' departure from Adderley." Def. Rule 26(a) Disclosures ¶ I.A. A copy of Defendant's Rule 26(a) Disclosures is annexed hereto as Exhibit "4". Defendant's Rule 26(a) Disclosures were barebones and did not delineate Joseph Misseri or Vincent Cestaro as being likely to have discoverable information, despite the fact that it was later revealed that they, along with Lawrence Presser, were the sole shareholders of Adderley.

6. On March 6, 2012, the Court conditionally certified this matter as a collective action pursuant to 29 U.S.C. § 216(b), directed Adderley to produce the names and addresses of all putative class members who were employed by Adderley between August 20, 2005, and March 6, 2012, and authorized the circulation of a notice of pendency to putative class members.

*See* ECF No. 25.  To date, seventy-five individuals have joined this action.

7. On March 30, 2012, Defendant produced its written discovery responses via email, and on April 1, 2012, Defendant produced approximately 3,300 pages of responsive documents.  Defendant also notified Plaintiffs' counsel on March 30, 2012, that more documents would be forthcoming once they were available and that Defendant also possessed an additional nine boxes of documents which Plaintiffs were required to review in-person due to Defendant's inability to reproduce the documents contained therein.  A copy of Defendant's counsel email dated March 30, 2012, is attached hereto as Exhibit "5".

8. After the expiration of the deadline to add parties set forth in the Scheduling Order, Defendant produced all of its documents responsive to Plaintiffs' discovery demands, thereby making it impossible for Plaintiffs to have filed the motion within in the timeframe set forth by the Court.  On or about May 14, 2012, Plaintiffs' counsel completed the review of the documents produced on April 1, 2012.  The documents revealed the following facts which are relevant to the instant motion:

> (i) Adderley is a wholly owned subsidiary of American Communications Industries, Inc. ("ACI"). *See* Exhibit "6" (Relevant portion of ACI's Tax Returns) ;[1]
>
> (ii) Lawrence Presser, Joseph Misseri and Vincent Cestaro are the sole shareholders of both Adderley and ACI. *See* Ex. 6 (ACI Tax Returns); Exhibit "7" (Responses and Objections of Defendant Adderley Industries Inc. to Plaintiffs' First Set of Interrogatories), Response No. 2;
>
> (iii) Employees are shared between Adderley and ACI. *See* Exhibit "8" (Fax coversheets from Andrea Schaffer an employee of both Adderley and

---

[1] Pursuant to S.D.N.Y. ECF Rule 21.3 and 21.4, Plaintiffs' counsel has not attached the relevant portions of the tax returns to the version of the Declaration in Support which has been filed via ECF, but has attached same to the courtesy copies which have been provided to chambers and to Defendant's counsel.

3

          ACI);

(iv)    Adderley and ACI share the same physical address which is 111 Kreicher Street, Staten Island, New York. *See* Ex. 6 (Relevant portions of ACI Tax Returns);

(v)    Adderley utilizes ACI documents for its employees. *See* Exhibit "9" (ACI Installer Master Maintenance forms); and

(vi)    Backgrounds checks for Adderley employees are processed by ACI. *See* Exhibit "10" (Confidential Background Check Investigation).[2]

9.    Almost immediately upon learning of these facts, in an effort to obtain consent for the requested amendment, Plaintiffs' counsel had a series of email exchanges with Defendant's counsel. For example, on May 15 and 16, 2012, Plaintiffs' counsel emailed Defendants' counsel and set forth the specific facts supporting the proposed amendment. Annexed hereto as Exhibit "11" is a copy of the aforementioned email exchange. Defendant's counsel would not consent, however, shortly thereafter, the parties agreed to engage in targeted discovery that would be followed by a settlement conference. In light of the possibility of being able to resolve this matter and in order to preserve both the Court's and the parties' resources, on May 30, 2012, in a telephone conference with all counsel, the parties agreed to revisit the issue after the completion of the settlement conference.

10.    On May 23, 2012, Plaintiffs' counsel went to the office of Defendant's counsel and reviewed the nine boxes of documents responsive to Plaintiffs' demands. Thereafter, on June 12, 2012, Defendant produced over 1,400 additional documents. Annexed hereto as Exhibit "12" are copies of Defendant's June 12, 2012 emails (without attachments).

---

[2]    Due to the voluminous nature of the documents, Plaintiffs' counsel has attached only a sampling of the documents entitled "ACI Installer Master Maintenance" and "Confidential Background Check Investigation" and will provide the balance documents at the Court's request.

11. On July 9, 2012, the Court granted the parties' request and referred the matter to the Hon. Henry B. Pitman, U.S.M.J. for purposes of conducting a settlement conference. *See* ECF No. 99. Further, the Court directed Defendant to produce the documents necessary for the completion of targeted discovery relating to sixty-four opt-ins on or before August 24, 2012. Annexed hereto as Exhibit "13" is a copy of the July 9, 2012, endorsed letter. Subsequently, Judge Pitman scheduled the settlement conference for October 10, 2012.

12. On September 28, 2012, more than one month after the deadline imposed by the Court, Defendant produced more than 1,400 pages of documents relating to the sixty-four opt-ins. Due to Defendant's delayed document production, the settlement conference had to be adjourned and rescheduled for November 14, 2012.

13. On November 14, 2012, the parties participated in a settlement conference before Judge Pitman, however, the parties were unable to reach a settlement.

14. On November 21, 2012, Plaintiffs' scheduled a conference call between the parties for November 28, 2012. During the conference call, Plaintiffs advised Defendant that since the settlement conference was not successful, Plaintiffs intended on proceeding with their motion to amend the Complaint.

15. On December 4, 2012, Plaintiffs submitted their request for a pre-motion conference before the Court. On December 18, 2012, after participating in a pre-motion conference, the Court issued a briefing schedule for the instant motion and extended the discovery deadline through March 12, 2013. *See* ECF No. 104.

**Plaintiffs have Good Cause for Seeking to Modify the Scheduling Order**

16. As set forth in the attached Memorandum of Law, Plaintiffs have demonstrated good cause for seeking to modify the Scheduling Order. Plaintiffs learned of all of the facts set forth in paragraph "8" *infra*, after receiving and reviewing Defendant's discovery responses. The responses were provided after the deadline for filing any motion to amend the Complaint set forth in the Scheduling Order.

17. In light of the fact that Plaintiffs learned of the existence of the proposed additional defendants after the expiration of the deadline to add parties and due to the fact that Plaintiffs' counsel diligently sought to obtain Defendant's consent, Plaintiffs have demonstrated good cause for seeking modification of the scheduling orders.

**Amendments to the Complaint are Warranted Pursuant to**
**Fed. R. Civ. P. 15(a)(2) and 21**

18. The Proposed amended complaint properly states causes of action against ACI, Lawrence Presser, Joseph Misseri and Vincent Cestaro. The claims set forth in the Proposed Amended Complaint against ACI, Lawrence Presser, Joseph Misseri, and Vincent Cestaro are identical to the pending claims set forth against Defendant in the underlying Complaint. *See* Ex. 1 (Proposed Amended Complaint); Ex. 2 (Complaint).

19. As described in the attached Memorandum of Law, ACI and Adderley constitute an integrated enterprise/single employer and are thereby subject to joint liability for Adderley's employment-related acts under the FLSA. Even if the integrated enterprise/single employer doctrine does not apply, ACI is liable as an employer under the economic realities test. Also, the proposed individually named defendants Lawrence Presser, Joseph Misseri and Vincent Cestaro are also employers under the FLSA and NYLL under the economic realities test.

6

20.     For the reasons set forth in the attached exhibits and the attached Memorandum of Law, I respectfully request that the Court grant the Plaintiffs' motion in its entirety.

Duly affirmed this 4th day
of January 2013.                                    /s/ *Troy L. Kessler*
                                                            Troy L. Kessler